IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEFFERTITI ROBINSON, individually and on behalf of all those similarly situated, Plaintiff/Counter-Defendant, | § § § § § | |
| v. | § § | |
| J&K ADMINISTRATIVE MANAGEMENT SERVICES, INC. & KIMBERLY M. MEYERS, Defendants/Counter-Claimants, | § § § § § | Civil Action No. 3:14-CV-0956-L-BK |
| v. | § § | |
| SANDRA HARRIS, *et al*., Third-Party Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Judge's *Order of Reference*, Doc. 19, the undersigned now considers Defendants' *Application for Order Compelling Separate Arbitrations, and for Appointment of Arbitrators, Subject to Motion to Transfer Venue*, Plaintiff's *Motion to Compel Arbitration*, and Third Party Defendants' *Motion to Compel Arbitration*. For the reasons that follow, it is recommended that Defendants' *Application for Order Compelling Separate Arbitrations, and for Appointment of Arbitrators, Subject to Motion to Transfer Venue*, Doc. 10, be **DENIED,** Plaintiff's *Motion to Compel Arbitration*, Doc. 14, be **GRANTED**, and Third Party Defendants' *Motion to Compel Arbitration*, Doc. 15, be **GRANTED**.

Plaintiff filed this action seeking an order to compel arbitration, appoint an arbitrator, and determine the scope of the arbitration related to alleged overtime and minimum wage claims under the Fair Labor Standards Act ("FLSA"). Doc. 7 at 2-3. Plaintiff was hired by Defendant J&K Management Services, Inc. ("J&K") in February of 2011. Doc. 7 at 2. The parties do not

dispute that their claims are subject to the "Election and Arbitration Agreement" related to J&K's Occupational Injury Benefit Plan. Doc. 7 at 3. The agreement provides that disputes between the parties must be submitted to binding arbitration, including, *inter alia*, "claims challenging the validity or enforceability of this Agreement (in whole or in part) or challenging the applicability of the Agreement to a particular dispute or claim." Doc. 22 at 7. Plaintiff attempted to initiate arbitration with Defendants on January 23, 2014, by filing a Specification of Claims directly with Defendants' counsel. Doc. 13 at 3. In February 2014, Plaintiff filed a Demand for Arbitration to Judicial Arbitration and Mediation Services ("JAMS"), asserting individual claims and collective claims on behalf of others she alleges to be similarly situated. Doc. 7 at 3. The Third Party Defendants, others formerly employed by J&K, have sought to join in the Plaintiff's collective action. Doc. 7 at 3.

What is disputed is: (1) whether the arbitrator has the authority to decide the claims on a collective or class-wide basis; and (2) whether the decision of whether the claims must be arbitrated on an individual or collective basis is left to the arbitrator. Doc. 7 at 4. Specifically, in Defendant's answer to Plaintiff's complaint, Defendant requests that the Court compel separate arbitrations and appoint different arbitrators for Plaintiff and each of the Third Party Defendants. Doc. 10 at 16. Plaintiff and Third Party Defendants (together, "Movants") argue that the issue of whether the claims must be arbitrated on an individual or collective basis is for the arbitrator to decide. Doc. 14 at 7; Doc. 15 at 2.

Movants assert that the decision of the Court of Appeals for the Fifth Circuit in *Pedcor Management Co. Welfare Benefit Plan v. Nations Personnel of Texas Inc.*, 343 F.3d 355 (2003), is controlling, as the court specifically addressed this issue and resolved it in Movants' favor. Doc. 14 at 7-8. Movants note that this Court has previously applied the *Pedcor* holding in

compelling arbitration of claims in which the plaintiffs had sought class certification. Doc. 14 at 8 (citing *Pacheco v. PCM Contr. Servs., LLC*, No. 12-CV-4057, 2014 WL 145147 (N.D. Tex. 2014) (Lindsay, J.)).

Defendants respond that whether the arbitration provision covers class arbitration is an issue to be decided by the Court. Doc. 21 at 11. Defendants insist that the Supreme Court's decision in *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 559 U.S. 662 (2010), though it did not address who determines class arbitrability, leaves no room for anyone other than the Court to do so. Doc. 21 at 12-13. Defendants contend that the court in *Pedcor* misread *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003), and "got it wrong." Doc. 21 at 13-14. Defendants thus maintain that *Pedcor* is not binding on this Court. Doc. 21 at 15. Defendants also argue that, under the terms of the arbitration agreement, there is no clear and unmistakable evidence of an agreement between the parties that the arbitrator decide arbitrability issues. Doc. 21 at 16-17. Movants reply that both the specific and general delegation clauses in the agreement reserve the decision of class arbitrability to the arbitrator. Doc. 23 at 5.

The Federal Arbitration Act ("FAA") "embodies the national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006); *see Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990) (noting that there is a strong policy in favor of arbitration under the FAA). In deciding whether to grant a motion to compel arbitration, the court first considers whether the parties agreed to arbitrate the dispute at issue. *See Webb v. Investacorp., Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (per curiam). The court next determines whether there are any legal restraints external to the agreement that would foreclose arbitration of the dispute. *OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445-46 (5th Cir. 2001) (per curiam).

The Supreme Court has held that procedural questions, which grow out of the dispute and bear on its final disposition, presumptively are for the arbitrator, not the judge, to decide. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (quoting *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 557 (1964)). Subsequent to *Howsam*, as to questions pertaining to a requirement for class arbitration, the Supreme Court stated, "[c]onsistent with our precedents emphasizing the consensual basis of arbitration, we see the question as being whether the parties *agreed to authorize* class arbitration." *Stolt-Nielsen,* 559 U.S. at 687 (emphasis in original). Where there is "no agreement" on this question, parties cannot be compelled to submit their dispute to class arbitration. *Id.* Tangentially, the Fifth Circuit ruled that "arbitrators should decide whether class arbitration is available or forbidden." *Pedcor*, 343 F.3d at 363. Since *Pedcor*, however, the Fifth Circuit has noted that the question of whether arbitrators should decide whether class arbitration is required has not been settled by the Supreme Court. *Reed v. Fla. Metro. Univ. Inc.*, 681 F.3d 630, 634 & n.3 (5th Cir. 2012), *abrogated on other grounds by Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064 (2013). The appellate court has not, however, reversed its holding in *Pedcor*.

Upon review of the briefs, there are two discrete issues in this case that the parties seemingly conflate: (1) whether the arbitration agreement is silent as to collective action and thus, under *Stolt-Nielsen*, whether class arbitration is even supported; and (2) whether the Court should refer the case to the arbitrator to decide this issue of arbitrability. Defendants argue that the Court should decide whether class arbitration is even available. Their argument is unsupported, however. Contrary to Defendants' suggestion, the Court in *Stolt-Nielsen* explicitly declined to reach this issue of <u>who</u> should decide, holding -- with no regard to the identity of decision maker -- that if the arbitration agreement is silent on the issue, there can be no class

4

arbitration. 559 U.S. at 687. As this precept applies equally to courts and arbitrators who are called upon to construct the terms of an arbitration agreement, *Stolt-Nielsen* does not operate as a reversal of the Fifth Circuit's holding in *Pedcor*. Again, the issue of the appropriate decision maker has yet to be resolved by the Supreme Court. *Reed*, 681 F.3d at 634 & n.3.

Consequently, *Pedcor* remains the law of this Circuit, and this Court is compelled to follow it unless it is overruled by the Fifth Circuit or the Supreme Court. And as discussed previously, *Pedcor* unequivocally held that arbitrators should decide whether class arbitration is available, 343 F.3d at 363. That notwithstanding, the arbitration agreement itself, which provides that claims challenging its applicability to particular disputes or claims proceed to arbitration, Doc. 22 at 7, supports deferring to the arbitrator on the issue of class versus individual arbitration, *see Allen v. Regions Bank*, 389 F. App'x 441, 446 (5th Cir. 2010) (language in the arbitration agreement that any "dispute regarding whether a particular controversy is subject to arbitration . . . shall be decided by the arbitrator(s)" had sufficient clarity to establish that "the arbitration agreement unmistakably commands that disputes as to its applicability are for the arbitrator.").

For the foregoing reasons, it is recommended that Defendants' *Application for Order Compelling Separate Arbitrations, and for Appointment of Arbitrators, Subject to Motion to Transfer Venue*, Doc. 10, be **DENIED,** Plaintiff's *Motion to Compel Arbitration*, Doc. 14, be **GRANTED**, and Third Party Defendants' *Motion to Compel Arbitration*, Doc. 15, be **GRANTED**.

**SIGNED** February 17, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](#); [F<small>ED</small>. R. C<small>IV</small>. P. 72(b)](#). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See [Douglass v. United Servs. Auto. Ass'n](#)*, [79 F.3d 1415, 1417 (5th Cir. 1996)](#).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE