### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **NEFFERTITI ROBINSON,** | § | |
| **INDIVIDUALLY AND ON BEHALF OF** | § | |
| **THOSE SIMILARLY SITUATED** | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| v. | § | Civil Action No. **3:14-CV-00956-L** |
| | § | |
| **J&K ADMINISTRATIVE** | § | |
| **MANAGEMENT SERVICES, INC. AND** | § | |
| **KIMBERLY M. MEYERS** | § | |
| | § | |
| Defendants/Counter-Claimaints, | § | |
| | § | |
| v. | § | |
| | § | |
| **SANDRA HARRIS, et. al.,** | § | |
| | § | |
| Third Party Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

This case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on February 17, 2015, recommending that the court deny Defendants' Application for Order Compelling Separate Arbitrations, and for Appointment of Arbitrators, Subject to Motion to Transfer Venue (Doc. 10); grant Plaintiffs' Motion to Compel Arbitration (Doc. 14); and grant Third Party Defendant's Motion to Compel Arbitration (Doc. 15). Defendants filed their Objection to Magistrate's Finding, Conclusions, and Recommendation (Doc. 34), filed March 3, 2015, contending that the magistrate judge incorrectly concluded that the arbitrator, not the court, should decide whether the parties' arbitration agreement allows for collective arbitration.

In deciding whether to grant a motion to compel arbitration, the court must determine whether there is a valid agreement to arbitrate and whether the dispute in question falls within the scope of that arbitration agreement. *Dealer Computer Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 887 (5th Cir. 2009). The court next evaluates whether "federal statute or policy renders the claims nonarbitrable." *Id.*

Defendants do not dispute that their claims are subject to valid arbitration agreements. Defs.' Obj. 3 ("Defendants do not dispute that J&K and Robinson agreed to submit Robinson's Individual Claims to arbitration.  Defendants also do not dispute that J&K entered into identical agreements with the other Employees [Third Party Defendants].");*see also* Defs.' App. 1-5.  Instead, Defendants argue that the court should compel separate arbitrations for Plaintiff Neffertiti Robinson ("Plaintiff" or "Robinson") and each of the other members in the collective action, including Ann Knight, Joan Stanton, Gloria Turner, and Sandra Harris, who are also third party defendants in this action (collectively, "Third Party Defendants").

Defendants contend that whether the parties must submit to collective arbitration is a decision for the court, not an arbitrator.  Defendants further argue that the Fifth Circuit precedent concluding otherwise and relied on by the magistrate judge was wrongly decided and is not binding on this court. *See Pedcor Mgmt. Co., Inc. Welfare Benefit Plan v. Nations Pers. of Texas, Inc.*, 343 F.3d 355 (5th Cir. 2003) (determining that an arbitrator should decide whether an action proceeds as a class arbitration).  Moreover, Defendants argue that subsequent Supreme Court precedent compels this court to grant Defendants' objection and decide the issue of arbitrability based on the contract between the parties. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010).  Plaintiffs counter that *Pedcor* is binding upon this court and has not been overruled, and that

**Memorandum Opinion and Order - Page 2**

Defendants' protestations to the contrary are creative attempts to avoid the application of binding precedent.

The court finds Defendants' objections unavailing in light of the holding in *Pedcor*. *Pedcor* held that "arbitrators should decide whether class arbitration is available or forbidden . . . ." 343 F.3d at 363. *Pedcor* interpreted the Supreme Court's plurality opinion in *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003).[1] Defendants argue that *Bazzle* creates confusion as to whether arbitrators should decide issues regarding class or collective arbitration. Even so, the Fifth Circuit's interpretation and application of *Bazzle* is unequivocal and binding upon this court. *Pedcor*, 343 F.3d at 359 ("The clarity of [*Bazzle*'s] holding    that arbitrators are supposed to decide whether an arbitration agreement forbids or allows class arbitration    leaves us to decide only whether the instant case is sufficiently analogous to [*Bazzle*] to come within its rule. That the district court ordered a type of class arbitration here is self-evident."). Accordingly, the magistrate judge properly applied *Pedcor* and determined that, under these circumstances, the arbitrator should decide whether the arbitration agreement permits proceeding with the arbitration collectively.

Defendants' argument that *Stolt-Nielsen* abrogates the holding in *Pedcor* is unsupported by the text of the case. Admittedly, *Stolt-Nielsen*'s interpretation of Justice Stevens's concurrence in

---

[1] *Pedcor* determined that the plurality relied on two considerations:

First, it found that the contract's provision to submit to arbitration "all disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract" reflected the parties' intent to commit a broad scope of questions to arbitration, including the class arbitration question because that issue "relat[ed] to the contract." Second, the plurality reasoned that there exists only a narrow exception for certain gateway matters that parties normally expect a court rather than an arbitrator to decide, which include (1) "whether the parties have a valid arbitration agreement at all" and (2) "whether a concededly binding arbitration clause applies to a certain type of controversy."

343 F.3d at 359.

**Memorandum Opinion and Order - Page 3**

*Bazzle* varies from *Pedcor*'s analysis of the same. *Pedcor* determined that "the plurality [consisting of four Justices], *plus Justice Stevens*, i.e., the Court, held that 'this matter of contract interpretation should be for the arbitrator, not the courts, to decide.'" 343 F.3d at 359 (citations omitted) (emphasis added). *Stolt-Nielsen*, in contrast, determined that *Bazzle* did not yield a majority decision on that question. 559 U.S. at 678-79. Nonetheless, even with *Stolt-Nielsen*'s nuanced interpretation of Justice Stevens's concurrence in *Bazzle*, *Pedcor* remains binding precedent and interpreted *Bazzle* to require arbitrators to decide whether arbitration agreements forbid or permit class arbitrations. *See Pedcor*, 343 F.3d at 358 ("[A] plurality of the Court held that '[u]nder the terms of the parties' contracts, the question   whether the agreement forbids class arbitration   is for the arbitrator to decide.'").

Notably, *Stolt-Nielsen* did not consider whether the court or an arbitrator should decide whether an arbitration provision permits class arbitration. In *Stolt-Nielsen*, the parties had an agreement that expressly assigned that question to the arbitrators. 559 U.S. at 680. The court held that the arbitrator in that action   having the authority to determine whether the action should proceed as a class arbitration by nature of the parties' agreement   exceeded his authority because there was no contractual basis for proceeding to arbitration as a class. *Id.* at 684 ("From these principles, it follows that a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so."); *see also Reed v. Florida Metro. Univ., Inc.*, 681 F.3d 630 (5th Cir. 2012) (holding that the issue of whether an arbitration agreement provided for class arbitration was properly submitted to the arbitrator because the parties agreed to do so, but that the arbitrator exceeded his authority because there was no legal basis for proceeding with the class arbitration), *abrogated by Oxford Health Plans LLC v. Sutter*,

**Memorandum Opinion and Order - Page 4**

133 S. Ct. 2064, 2069 (2013) (summarizing the holding in *Stolt-Nielsen* as one that "overturned the arbitral decision there because it lacked *any* contractual basis for ordering class procedures, not because it lacked, in Oxford's terminology, a 'sufficient' one.").

Ultimately, the court is confronted with a question preliminary to the considerations analyzed in *Stolt-Nielsen*. Before considering whether a contract permits an arbitration to proceed collectively, the court must first determine the appropriate decision maker to interpret that contract, and *Stolt-Nielsen* does not supply an answer to that question.

Defendants contend that *Stolt-Nielsen*'s holding cannot apply equally to the arbitrator and the court, and, therefore, the only possible conclusion to draw from the case is that the question of collective arbitrability is for the court. *Stolt-Nielsen*, however, does not preclude an arbitrator from determining whether a contract allows for collective arbitration. Subsequent Supreme Court cases clarified the holding in *Stolt-Nielsen*, concluding that the Court "overturned the arbitral decision there because it lacked *any* contractual basis for ordering class procedures, not because it lacked . . . a 'sufficient' one." *Oxford Health Plans*, 133 S. Ct. at 2069.[2] *Stolt-Nielsen* requires the arbitrator to interpret the contract before him or her, and, contrary to Defendant's objection, it does

---

[2] *Oxford Health Plans* elaborated further, stating:

Because the parties "bargained for the arbitrator's construction of their agreement," an arbitral decision "even arguably construing or applying the contract" must stand, regardless of a court's view of its (de)merits. *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000) (quoting *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599 (1960); *Paperworkers v. Misco, Inc.*, 484 U.S. 29, 38 (1987) (internal quotation marks omitted)). Only if "the arbitrator act[s] outside the scope of his contractually delegated authority"—issuing an award that "simply reflect[s] [his] own notions of [economic] justice" rather than "draw[ing] its essence from the contract"—may a court overturn his determination. *Eastern Associated Coal*, 531 U.S. at 62 (quoting *Misco*, 484 U.S. at 38). So the sole question for us is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong.

133 S. Ct. at 2068.

**Memorandum Opinion and Order - Page 5**

nothing to bar arbitrators from interpreting those contracts.  Thus, *Stolt-Nielsen* did not abrogate or overrule *Pedcor*.  Accordingly, Defendants' argument that "*Pedcor* was wrongly decided and need not be followed" by this court is without merit.  Defs.' Obj. 10.  *Pedcor* is binding precedent, and this court has neither the inclination nor the effrontery to disregard it.

Moreover, as emphasized by Plaintiffs and Third Party Defendants, this court applied the holding in *Pedcor* after the *Stolt-Nielson* decision.  *See Pacheco v. PCM Const. Servs., LLC*, No. 12-4057, 2014 WL 145147 (N.D. Tex. Jan. 15, 2014), *aff'd*, No. 14-10193, 2015 WL 690273 (5th Cir. Feb. 19, 2015).  *Pacheco* concluded that the plaintiffs in the action could not file a peremptory federal class action in an attempt to avoid binding arbitration agreements.  *Id.* at *3.  It also cited *Pedcor* and stated, "[T]he issue of whether a particular arbitration agreement forbids or allows class arbitration is for the arbitrator to decide, not the court." *Id.* (citations omitted).  Accordingly, *Pacheco* confirms the prevailing precedential effect of *Pedcor*.

Additionally, Defendants object to the magistrate judge's conclusion that, notwithstanding the holding in *Pedcor*, the "arbitration agreement itself, which provides that claims challenging its applicability to particular disputes or claims proceed to arbitration . . . supports deferring to the arbitrator on the issue of class versus individual arbitration . . . ."  Report 5 (citations omitted).[3] They further object because, while each of the arbitration provisions at issue have identical provisions, there are five separate contracts and that Robinson's Contract with J&K does not provide a basis for arbitrating the collective action's members' claims.  Defendants object and argue that, when an agreement is silent, the court should decide the question of arbitrability as a collective

---

[3] The language from which the magistrate judge draws this conclusion states that "claims challenging the validity or enforceability of this Agreement (in whole or in part) or challenging the applicability of the Agreement to a particular dispute of claim" are covered by the arbitration agreement. Defs.' Obj. App. 5.

action.  The holding of *Pedcor* precludes this argument, as the agreement at issue in *Pedcor* had "no express provision in the [arbitration] clause regarding consolidation or class treatment of claims in arbitration."  343 F.3d at 357.  Moreover, *Pedcor* involved 408 different plans, noted that the arbitration of each of the contracts had the identical arbitration provisions, and concluded that, under those circumstances, the arbitrator should decide the issue of class arbitration.  343 F.3d at 357.

Ultimately, the magistrate judge did not err in concluding that the arbitration agreement supports a conclusion that the arbitrator is the proper decision-making authority for the question of collective arbitrability.  In particular, the agreement at issue states, "[C]laims challenging the validity or enforceability of this Agreement (in whole or in part) or challenging the applicability of the Agreement to a particular dispute of claim" are covered by the arbitration agreement.  Defs.' Obj. App. 4.  *Bazzle* interpreted a similar contract provision.  In *Bazzle*, the plurality found that the parties agreed to submit "[a]ll disputes, claims, or controversies arising from or relating to this contract" to arbitration and "the dispute about what the arbitration contract in each case means (*i.e.*, whether it forbids the use of class arbitration procedures) is a dispute 'relating to this contract' and the resulting 'relationships.'" *Bazzle*, 539 U.S. at 452-53 (Breyer, J., plurality).   While courts determine the validity of arbitration agreements, whether the contract forbids collective arbitration does not fall within the limited circumstances under which "courts assume that the parties intended courts, not arbitrators, to decide a particular arbitration-related matter," because the question involves contract interpretation regarding the "*kind of arbitration proceeding* the parties agreed to."  *Id.*  The objections lodged by Defendants do not impact the court's determination that the arbitrator must determine whether the action can proceed collectively.  Moreover, in light of the court's holding, it is not appropriate to proceed with an analysis as to whether the terms in the contract authorize

**Memorandum Opinion and Order - Page 7**

collective arbitration, as the arbitrator can interpret the contracts and answer that question. Accordingly, the court **overrules** Defendants' Objection to Magistrate's Finding, Conclusions, and Recommendation.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **determines** that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Defendants' Application for Order Compelling Separate Arbitrations, and for Appointment of Arbitrators, Subject to Motion to Transfer Venue; **grants** Plaintiff's Motion to Compel Arbitration; and **grants** Third Party Defendants' Motion to Compel Arbitration. The court **determines** that, in accordance with the arbitration agreements signed by Plaintiff and each of the Third Party Defendants, all claims are arbitrable and **orders** the parties to arbitrate any dispute between them in accordance with those agreements. Having determined that all of the issues raised by the parties must be submitted to binding arbitration, the court **dismisses** this action **with prejudice**. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). The reason for dismissal with prejudice is that retaining jurisdiction of the action by the district court serves no purpose because any remedies after arbitration are limited to judicial review as set forth in the Federal Arbitration Act. *Id.* (citation omitted).

**It is so ordered** this 24th day of March, 2015.

Sam A. Lindsay
United States District Judge